# EXHIBIT 1

| | |
|---|---|
| 2120 - Served | ~~2121 - Served~~ |
| 2220 - Not Served | ~~2221 - Not Served~~ |
| 2320 - Served By Mail | ~~2321 - Served By Mail~~ |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **SUMMONS** | **ALIAS SUMMONS** |

#02329  11/7/2017  EGW\dl

**RECEIVED DEC - 4 2017 2017N0032**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

ANNETTE DUFFY, Independent Administrator of the Estate of RUTH E. SCHUDA, Deceased,

       Plaintiff,

v.

IDEAVILLAGE PRODUCTS CORPORATION, a foreign corporation,

       Defendant.

No. 2017L011292
CALENDAR/ROOM E
TIME 00:00
Product Liability

**PLEASE SERVE:**
Ideavillage Products Corporation
CT Corporation System
818 West 7th Street
Suite 940
Los Angeles, CA 90017-3476

RECD. BY L.A. CIVIL PROCESS 2017 NOV 16 PM 3: [illegible]
SHERIFF COURT SERVE COUNTY COURT HOUSE

### SUMMONS

**To each defendant:**

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court (located in the Richard J. Daley Center, Room * 801, Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.

**To the officer:**

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS DOROTHY BROWN, CLERK OF CIRCUIT COURT, 20___

DOROTHY BROWN, Clerk of Court

Date of service NOV 0 7 2017, 20___

| | |
|---|---|
| Name: | Edward G. Willer/Corboy & Demetrio, P.C. |
| Attorneys for: | Plaintiff |
| Address: | 33 North Dearborn Street, 21st Floor |
| City: | Chicago, Illinois 60602 |
| Telephone: | (312) 346-3191 |
| Atty. No.: | 02329 |
| Primary E-Mail: | ccfiling@corboydemetrio.com |

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

*Law Division Room 801
Chancery-Divorce Division Room 802
County Division Room 801
Probate Division Room 1202

#02329  EGW\tb  10/27/2017                                             2017N-0032

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ANNETTE DUFFY, Independent Administrator of the Estate of RUTH E. SCHUDA, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>IDEAVILLAGE PRODUCTS CORPORATION, a foreign corporation,<br><br>Defendant. | No.<br><br>2017L011292<br>CALENDAR/ROOM E<br>TIME 00:00<br>Product Liability<br><br><br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

### COMPLAINT AT LAW

Plaintiff, ANNETTE DUFFY, Independent Administrator of the Estate of RUTH E. SCHUDA, Deceased, by her attorneys, CORBOY & DEMETRIO, P.C., for her Complaint against Defendant, IDEAVILLAGE PRODUCTS CORPORATION, a foreign corporation, states:

### Count I

**Strict Product Liability - Wrongful Death Act**

1. On and prior to December 17, 2016, defendant, Ideavillage Products Corporation ("IPC"), was engaged in the business of designing wireless remote switches.

2. On and prior to December 17, 2016, IPC was engaged in the business of manufacturing wireless remote switches.

3. On and prior to December 17, 2016, IPC designed wireless remote switches, including the model known as the Handy Switch Wireless Remote Switch.

4. On and prior to December 17, 2016, IPC manufactured wireless remote switches, including the model known as the Handy Switch Wireless Remote Switch.

5. Prior to December 17, 2016, IPC was in the business of designing and manufacturing a wireless remote switch known as the Handy Switch Wireless Remote Switch.

6. Prior to December 17, 2016, IPC placed a certain "Handy Switch Wireless Remote Switch" into the stream of commerce which was purchased by plaintiff's decedent at a Walmart store.

7. On December 17, 2016, a fire occurred at 1439 Adams Street, Ottawa, Illinois, sometime after the aforesaid Handy Switch was installed in a wall outlet.

8. On December 17, 2016, and at the time it left the control of IPC, the Handy Switch Wireless Remote Switch was in an unreasonably dangerous condition in one or more of the following ways:

   a. it was designed, manufactured, distributed and sold without a protective cap to be placed over the receiver to securely contain any possible fire due to overheating;

   b. the receiver of said switch (the component that fits into the wall outlet with a built-in night light) which was designed, manufactured and sold, was prone to overheat, causing fires;

   c. it was designed, manufactured and sold without a safety device to preclude overheating and resultant fires;

   d. it was designed, manufactured and sold in a manner that would not provide safety or prevent risks in reasonably foreseeable uses; and

   e. it was designed, manufactured and sold without incorporating a reasonable alternative design which would have substantially reduced the risk of potential overheating and fires.

9. As a proximate result of one or more of these unreasonably dangerous conditions, Ruth E. Schuda suffered injuries that resulted in her death on December 17, 2016.

10. At the time of her death, Ruth E. Schuda left surviving her: Annette Duffy, her daughter, and Raymond Schuda, her son, both of whom have sustained loss of society as a result of her death.

11. Annette Duffy is the duly appointed Independent Administrator of the Estate of Ruth E. Schuda, Deceased, and as such brings this cause of action, pursuant to 740 Illinois Compiled Statutes 180/1 *et seq.*, commonly known as the Wrongful Death Act.

WHEREFORE, ANNETTE DUFFY, Independent Administrator of the Estate of RUTH E. SCHUDA, Deceased, demands judgment against Defendant, IDEAVILLAGE PRODUCTS CORPORATION, a foreign corporation, in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County, Illinois.

## Count II

### Strict Product Liability - Survival

1. On and prior to December 17, 2016, defendant, Ideavillage Products Corporation ("IPC"), was engaged in the business of designing wireless remote switches.

2. On and prior to December 17, 2016, IPC was engaged in the business of manufacturing wireless remote switches.

3. On and prior to December 17, 2016, IPC designed wireless remote switches, including the model known as the Handy Switch Wireless Remote Switch.

4. On and prior to December 17, 2016, IPC manufactured wireless remote switches, including the model known as the Handy Switch Wireless Remote Switch.

5.  Prior to December 17, 2016, IPC was in the business of designing and manufacturing a wireless remote switch known as the Handy Switch Wireless Remote Switch.

6.  Prior to December 17, 2016, IPC placed a certain "Handy Switch Wireless Remote Switch" into the stream of commerce which was purchased by plaintiff's decedent at a Walmart store.

7.  On December 17, 2016, a fire occurred at 1439 Adams Street, Ottawa, Illinois, sometime after the aforesaid Handy Switch was installed in a wall outlet.

8.  On December 17, 2016, and at the time it left the control of IPC, the Handy Switch Wireless Remote Switch was in an unreasonably dangerous condition in one or more of the following ways:

    a.  it was designed, manufactured, distributed and sold without a protective cap to be placed over the receiver to securely contain any possible fire due to overheating;

    b.  the receiver of said switch (the component that fits into the wall outlet with a built-in night light) which was designed, manufactured and sold, was prone to overheat, causing fires;

    c.  it was designed, manufactured and sold without a safety device to preclude overheating and resultant fires;

    d.  it was designed, manufactured and sold in a manner that would not provide safety or prevent risks in reasonably foreseeable uses; and

    e.  it was designed, manufactured and sold without incorporating a reasonable alternative design which would have substantially reduced the risk of potential overheating and fires.

4

9. As a proximate result of one or more of the foregoing negligent acts or omissions, plaintiff's decedent, Ruth E. Schuda, sustained injuries of a personal and pecuniary nature, including conscious pain and suffering prior to her death on December 17, 2016, and had she survived, she would have been entitled to bring a cause of action for such personal and pecuniary injuries, and such action has survived her.

10. Annette Duffy is the duly appointed Independent Administrator of the Estate of Ruth E. Schuda, Deceased, and as such, brings this cause of action pursuant to 755 Illinois Compiled Statutes 5/27-6, commonly known as the Survival Act.

WHEREFORE, ANNETTE DUFFY, Independent Administrator of the Estate of RUTH E. SCHUDA, Deceased, demands judgment against Defendant, IDEAVILLAGE PRODUCTS CORPORATION, a foreign corporation, in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County, Illinois.

_____
Edward G. Willer

Edward G. Willer
Corboy & Demetrio, P.C.
Attorneys for Plaintiff
33 North Dearborn Street, 21st Floor
Chicago, Illinois 60602
(312) 346-3191
Firm I.D. No.02329
Primary E-Mail: ccfiling@corboydemetrio.com

5