#108    EGW\aeg    4/19/2018                                                                  2017N-0032

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| ANNETTE DUFFY, Independent Administrator of the Estate of RUTH E. SCHUDA, Deceased,<br><br>                    Plaintiff,<br><br>   v.<br><br>IDEAVILLAGE PRODUCTS CORPORATION, a foreign corporation; BLACKSTONE INTERNATIONAL, LTD., a foreign corporation; KING SOUND ENTERPRISE CO, LTD., a foreign corporation,<br>                    Defendants. | No.    18-cv-48<br><br>Hon. Ronald A Guzman<br><br>**DEMAND FOR JURY TRIAL** |

## SECOND AMENDED COMPLAINT AT LAW

Plaintiff, ANNETTE DUFFY, Independent Administrator of the Estate of RUTH E. SCHUDA, Deceased, by her attorneys, CORBOY & DEMETRIO, P.C., for her Complaint against Defendants, IDEAVILLAGE PRODUCTS CORPORATION, a foreign corporation, BLACKSTONE INTERNATIONAL, LTD., a foreign corporation, and KING SOUND ENTERPRISE CO., LTD., a foreign corporation, states:

### Statement of Jurisdiction

This matter, originally filed in the Circuit Court of Cook County, Illinois (17 L 11292), was removed to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1441 based upon diversity jurisdiction. (ECF 6, pp. 1-2). Diversity of citizenship is not affected by newly joined Defendant, King Sound Enterprise Co., Ltd., a foreign corporation which, upon information and belief, has its principal place of business

at No. 93 Wu Song South Road, Lu Zhi Town, Wuzhong District, Sushou City, Jiangsu Province, China. King Sound Enterprise Co., also maintains an office in Fotan, N.T. Hong Kong.

## Count I

**Strict Product Liability - Wrongful Death Act - Ideavillage Products Corporation**

1. On and prior to December 17, 2016, Defendant, Ideavillage Products Corporation ("IPC"), was engaged in the business of designing wireless remote switches.

2. On and prior to December 17, 2016, IPC was engaged in the business of manufacturing wireless remote switches.

3. On and prior to December 17, 2016, IPC designed wireless remote switches, including the model known as the Handy Switch Wireless Remote Switch.

4. On and prior to December 17, 2016, IPC manufactured wireless remote switches, including the model known as the Handy Switch Wireless Remote Switch.

5. Prior to December 17, 2016, IPC was in the business of designing and manufacturing a wireless remote switch known as the Handy Switch Wireless Remote Switch.

6. Prior to December 17, 2016, IPC placed a certain "Handy Switch Wireless Remote Switch" into the stream of commerce which was purchased by Plaintiff's decedent at a Walmart store.

7. On December 17, 2016, a fire occurred at 1439 Adams Street, Ottawa, Illinois, sometime after the aforesaid Handy Switch was installed in a wall outlet.

8. On December 17, 2016, and at the time it left the control of IPC, the Handy Switch Wireless Remote Switch was in an unreasonably dangerous condition in one or more of the following ways:

    a.    it was designed, manufactured, distributed and sold without a protective cap to be placed over the receiver to securely contain any possible fire due to overheating;

    b.    the receiver of said switch (the component that fits into the wall outlet with a built-in night light) which was designed, manufactured and sold, was prone to overheat, causing fires;

    c.    it was designed, manufactured and sold without a safety device to preclude overheating and resultant fires;

    d.    it was designed, manufactured and sold in a manner that would not provide safety or prevent risks in reasonably foreseeable uses; and

    e.    it was designed, manufactured and sold without incorporating a reasonable alternative design which would have substantially reduced the risk of potential overheating and fires.

9. As a proximate result of one or more of these unreasonably dangerous conditions, Ruth E. Schuda suffered injuries that resulted in her death on December 17, 2016.

10. At the time of her death, Ruth E. Schuda left surviving her: Annette Duffy, her daughter, and Raymond Schuda, her son, both of whom have sustained loss of society as a result of her death.

11. Annette Duffy is the duly appointed Independent Administrator of the Estate of Ruth E. Schuda, Deceased, and as such brings this cause of action, pursuant to 740 Illinois Compiled Statutes 180/1 *et seq*., commonly known as the Wrongful Death Act.

WHEREFORE, ANNETTE DUFFY, Independent Administrator of the Estate of RUTH E. SCHUDA, Deceased, demands judgment against Defendant, IDEAVILLAGE PRODUCTS

CORPORATION, a foreign corporation, for a sum in excess of the minimum jurisdictional limit.

## Count II

**Strict Product Liability - Survival - Ideavillage Products Corporation**

1. On and prior to December 17, 2016, Defendant, Ideavillage Products Corporation ("IPC"), was engaged in the business of designing wireless remote switches.

2. On and prior to December 17, 2016, IPC was engaged in the business of manufacturing wireless remote switches.

3. On and prior to December 17, 2016, IPC designed wireless remote switches, including the model known as the Handy Switch Wireless Remote Switch.

4. On and prior to December 17, 2016, IPC manufactured wireless remote switches, including the model known as the Handy Switch Wireless Remote Switch.

5. Prior to December 17, 2016, IPC was in the business of designing and manufacturing a wireless remote switch known as the Handy Switch Wireless Remote Switch.

6. Prior to December 17, 2016, IPC placed a certain "Handy Switch Wireless Remote Switch" into the stream of commerce which was purchased by Plaintiff's decedent at a Walmart store.

7. On December 17, 2016, a fire occurred at 1439 Adams Street, Ottawa, Illinois, sometime after the aforesaid Handy Switch was installed in a wall outlet.

8. On December 17, 2016, and at the time it left the control of IPC, the Handy Switch Wireless Remote Switch was in an unreasonably dangerous condition in one or more of the following ways:

    a. it was designed, manufactured, distributed and sold

      without a protective cap to be placed over the receiver to securely contain any possible fire due to overheating;

  b.  the receiver of said switch (the component that fits into the wall outlet with a built-in night light) which was designed, manufactured and sold, was prone to overheat, causing fires;

  c.  it was designed, manufactured and sold without a safety device to preclude overheating and resultant fires;

  d.  it was designed, manufactured and sold in a manner that would not provide safety or prevent risks in reasonably foreseeable uses; and

  e.  it was designed, manufactured and sold without incorporating a reasonable alternative design which would have substantially reduced the risk of potential overheating and fires.

  9.  As a proximate result of one or more of the foregoing negligent acts or omissions, Plaintiff's decedent, Ruth E. Schuda, sustained injuries of a personal and pecuniary nature, including conscious pain and suffering prior to her death on December 17, 2016, and had she survived, she would have been entitled to bring a cause of action for such personal and pecuniary injuries, and such action has survived her.

  10.  Annette Duffy is the duly appointed Independent Administrator of the Estate of Ruth E. Schuda, Deceased, and as such, brings this cause of action pursuant to 755 Illinois Compiled Statutes 5/27-6, commonly known as the Survival Act.

  WHEREFORE, ANNETTE DUFFY, Independent Administrator of the Estate of RUTH E. SCHUDA, Deceased, demands judgment against Defendant, IDEAVILLAGE PRODUCTS CORPORATION, a foreign corporation, for a sum in excess of the minimum jurisdictional limit.

## Count III

**Strict Product Liability - Wrongful Death Act - Blackstone International, Ltd.**

1. On and prior to December 17, 2016, Defendant, Blackstone International, Ltd. ("Blackstone"), was engaged in the business of designing wireless remote switches.

2. On and prior to December 17, 2016, Blackstone was engaged in the business of manufacturing wireless remote switches.

3. On and prior to December 17, 2016, Blackstone designed wireless remote switches, including the model known as the Handy Switch Wireless Remote Switch.

4. On and prior to December 17, 2016, Blackstone manufactured wireless remote switches, including the model known as the Handy Switch Wireless Remote Switch.

5. Prior to December 17, 2016, Blackstone was in the business of designing and manufacturing a wireless remote switch known as the Handy Switch Wireless Remote Switch.

6. Prior to December 17, 2016, Blackstone placed a certain "Handy Switch Wireless Remote Switch" into the stream of commerce which was purchased by Plaintiff's decedent at a Walmart store.

7. On December 17, 2016, a fire occurred at 1439 Adams Street, Ottawa, Illinois, sometime after the aforesaid Handy Switch was installed in a wall outlet.

8. On December 17, 2016, and at the time it left the control of Blackstone, the Handy Switch Wireless Remote Switch was in an unreasonably dangerous condition in one or more of the following ways:

   a. it was designed, manufactured, distributed and sold without a protective cap to be placed over the receiver to securely contain any possible fire due to

        overheating;

b.    the receiver of said switch (the component that fits into the wall outlet with a built-in night light) which was designed, manufactured and sold, was prone to overheat, causing fires;

c.    it was designed, manufactured and sold without a safety device to preclude overheating and resultant fires;

d.    it was designed, manufactured and sold in a manner that would not provide safety or prevent risks in reasonably foreseeable uses; and

e.    it was designed, manufactured and sold without incorporating a reasonable alternative design which would have substantially reduced the risk of potential overheating and fires.

9.    As a proximate result of one or more of these unreasonably dangerous conditions, Ruth E. Schuda suffered injuries that resulted in her death on December 17, 2016.

10.    At the time of her death, Ruth E. Schuda left surviving her: Annette Duffy, her daughter, and Raymond Schuda, her son, both of whom have sustained loss of society as a result of her death.

11.    Annette Duffy is the duly appointed Independent Administrator of the Estate of Ruth E. Schuda, Deceased, and as such brings this cause of action, pursuant to 740 Illinois Compiled Statutes 180/1 *et seq.*, commonly known as the Wrongful Death Act.

WHEREFORE, ANNETTE DUFFY, Independent Administrator of the Estate of RUTH E. SCHUDA, Deceased, demands judgment against Defendant, BLACKSTONE INTERNATIONAL, LTD., a foreign corporation, for a sum in excess of the minimum jurisdictional limit.

## Count IV

**Strict Product Liability - Survival - Blackstone International, Ltd.**

1. On and prior to December 17, 2016, Defendant, Blackstone International, Ltd. ("Blackstone"), was engaged in the business of designing wireless remote switches.

2. On and prior to December 17, 2016, Blackstone was engaged in the business of manufacturing wireless remote switches.

3. On and prior to December 17, 2016, Blackstone designed wireless remote switches, including the model known as the Handy Switch Wireless Remote Switch.

4. On and prior to December 17, 2016, Blackstone manufactured wireless remote switches, including the model known as the Handy Switch Wireless Remote Switch.

5. Prior to December 17, 2016, Blackstone was in the business of designing and manufacturing a wireless remote switch known as the Handy Switch Wireless Remote Switch.

6. Prior to December 17, 2016, Blackstone placed a certain "Handy Switch Wireless Remote Switch" into the stream of commerce which was purchased by Plaintiff's decedent at a Walmart store.

7. On December 17, 2016, a fire occurred at 1439 Adams Street, Ottawa, Illinois, sometime after the aforesaid Handy Switch was installed in a wall outlet.

8. On December 17, 2016, and at the time it left the control of Blackstone, the Handy Switch Wireless Remote Switch was in an unreasonably dangerous condition in one or more of the following ways:

   a. it was designed, manufactured, distributed and sold without a protective cap to be placed over the receiver to securely contain any possible fire due to

        overheating;

b.    the receiver of said switch (the component that fits into the wall outlet with a built-in night light) which was designed, manufactured and sold, was prone to overheat, causing fires;

c.    it was designed, manufactured and sold without a safety device to preclude overheating and resultant fires;

d.    it was designed, manufactured and sold in a manner that would not provide safety or prevent risks in reasonably foreseeable uses; and

e.    it was designed, manufactured and sold without incorporating a reasonable alternative design which would have substantially reduced the risk of potential overheating and fires.

9.    As a proximate result of one or more of the foregoing negligent acts or omissions, Plaintiff's decedent, Ruth E. Schuda, sustained injuries of a personal and pecuniary nature, including conscious pain and suffering prior to her death on December 17, 2016, and had she survived, she would have been entitled to bring a cause of action for such personal and pecuniary injuries, and such action has survived her.

10.    Annette Duffy is the duly appointed Independent Administrator of the Estate of Ruth E. Schuda, Deceased, and as such, brings this cause of action pursuant to 755 Illinois Compiled Statutes 5/27-6, commonly known as the Survival Act.

WHEREFORE, ANNETTE DUFFY, Independent Administrator of the Estate of RUTH E. SCHUDA, Deceased, demands judgment against Defendant, BLACKSTONE INTERNATIONAL, LTD., a foreign corporation, for a sum in excess of the minimum jurisdictional limit.

### Count V

**Strict Product Liability - Wrongful Death Act - King Sound Enterprise Co., Ltd.**

1. On and prior to December 17, 2016, Defendant, King Sound Enterprise Co, Ltd. ("King Sound"), was engaged in the business of designing wireless remote switches.

2. On and prior to December 17, 2016, King Sound was engaged in the business of manufacturing wireless remote switches.

3. On and prior to December 17, 2016, King Sound designed wireless remote switches, including the model known as the Handy Switch Wireless Remote Switch.

4. On and prior to December 17, 2016, King Sound manufactured wireless remote switches, including the model known as the Handy Switch Wireless Remote Switch.

5. Prior to December 17, 2016, King Sound was in the business of designing and manufacturing a wireless remote switch known as the Handy Switch Wireless Remote Switch.

6. Prior to December 17, 2016, King Sound placed a certain "Handy Switch Wireless Remote Switch" into the stream of commerce which was purchased by Plaintiff's decedent at a Walmart store.

7. On December 17, 2016, a fire occurred at 1439 Adams Street, Ottawa, Illinois, sometime after the aforesaid Handy Switch was installed in a wall outlet.

8. On December 17, 2016, and at the time it left the control of King Sound, the

Handy Switch Wireless Remote Switch was in an unreasonably dangerous condition in one or more of the following ways:

    a.    it was designed, manufactured, distributed and sold without a protective cap to be placed over the receiver to securely contain any possible fire due to overheating;

    b.    the receiver of said switch (the component that fits into the wall outlet with a built-in night light) which was designed, manufactured and sold, was prone to overheat, causing fires;

    c.    it was designed, manufactured and sold without a safety device to preclude overheating and resultant fires;

    d.    it was designed, manufactured and sold in a manner that would not provide safety or prevent risks in reasonably foreseeable uses; and

    e.    it was designed, manufactured and sold without incorporating a reasonable alternative design which would have substantially reduced the risk of potential overheating and fires.

9.    As a proximate result of one or more of these unreasonably dangerous conditions, Ruth E. Schuda suffered injuries that resulted in her death on December 17, 2016.

10.    At the time of her death, Ruth E. Schuda left surviving her: Annette Duffy, her daughter, and Raymond Schuda, her son, both of whom have sustained loss of society as a result of her death.

11.    Annette Duffy is the duly appointed Independent Administrator of the Estate of Ruth E. Schuda, Deceased, and as such brings this cause of action, pursuant to 740 Illinois Compiled Statutes 180/1 *et seq.*, commonly known as the Wrongful Death Act.

WHEREFORE, ANNETTE DUFFY, Independent Administrator of the Estate of RUTH E. SCHUDA, Deceased, demands judgment against Defendant, KING SOUND ENTERPRISE CO., LTD., a foreign corporation, for a sum in excess of the minimum jurisdictional limit.

### Count VI

**Strict Product Liability - Survival - King Sound Enterprise Co, Ltd.**

1. On and prior to December 17, 2016, Defendant, King Sound Enterprise Co, Ltd. ("King Sound"), was engaged in the business of designing wireless remote switches.

2. On and prior to December 17, 2016, King Sound was engaged in the business of manufacturing wireless remote switches.

3. On and prior to December 17, 2016, King Sound designed wireless remote switches, including the model known as the Handy Switch Wireless Remote Switch.

4. On and prior to December 17, 2016, King Sound manufactured wireless remote switches, including the model known as the Handy Switch Wireless Remote Switch.

5. Prior to December 17, 2016, King Sound was in the business of designing and manufacturing a wireless remote switch known as the Handy Switch Wireless Remote Switch.

6. Prior to December 17, 2016, King Sound placed a certain "Handy Switch Wireless Remote Switch" into the stream of commerce which was purchased by Plaintiff's decedent at a Walmart store.

7. On December 17, 2016, a fire occurred at 1439 Adams Street, Ottawa, Illinois, sometime after the aforesaid Handy Switch was installed in a wall outlet.

8. On December 17, 2016, and at the time it left the control of King Sound, the Handy Switch Wireless Remote Switch was in an unreasonably dangerous condition in one or

more of the following ways:

    a.    it was designed, manufactured, distributed and sold without a protective cap to be placed over the receiver to securely contain any possible fire due to overheating;

    b.    the receiver of said switch (the component that fits into the wall outlet with a built-in night light) which was designed, manufactured and sold, was prone to overheat, causing fires;

    c.    it was designed, manufactured and sold without a safety device to preclude overheating and resultant fires;

    d.    it was designed, manufactured and sold in a manner that would not provide safety or prevent risks in reasonably foreseeable uses; and

    e.    it was designed, manufactured and sold without incorporating a reasonable alternative design which would have substantially reduced the risk of potential overheating and fires.

9.    As a proximate result of one or more of the foregoing negligent acts or omissions, Plaintiff's decedent, Ruth E. Schuda, sustained injuries of a personal and pecuniary nature, including conscious pain and suffering prior to her death on December 17, 2016, and had she survived, she would have been entitled to bring a cause of action for such personal and pecuniary injuries, and such action has survived her.

10.    Annette Duffy is the duly appointed Independent Administrator of the Estate of Ruth E. Schuda, Deceased, and as such, brings this cause of action pursuant to 755 Illinois Compiled Statutes 5/27-6, commonly known as the Survival Act.

WHEREFORE, ANNETTE DUFFY, Independent Administrator of the Estate of RUTH E. SCHUDA, Deceased, demands judgment against Defendant, KING SOUND ENTERPRISE CO., LTD., a foreign corporation, for a sum in excess of the minimum jurisdictional limit.

/s/ *Edward G. Willer*
Edward G. Willer

Edward G. Willer
Corboy & Demetrio, P.C.
Attorneys for Plaintiff
33 North Dearborn Street, 21st Floor
Chicago, Illinois  60602
(312) 346-3191
Firm I.D. No. 108
Primary E-Mail:  ccfiling@corboydemetrio.com

**Certificate of Service**

On April 26, 2018, I electronically filed a copy of the foregoing document through the CM/ECF system for the United States District Court for the Northern District of Illinois Eastern Division, which will send a notice of electronic filing to all counsel of record and make it available for viewing and downloading from the CM/ECF system.

                                                            */s/ Edward G. Willer*
                                                            Edward G. Willer