# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| Annette Duffy, Independent Administrator of the Estate of Ruth E. Schuda, Deceased, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| IdeaVillage Products Corp., a foreign corporation; Blackstone International, Ltd., a foreign corporation; and King Sound Enterprise Co., Ltd., a foreign corporation, | ) ) ) ) ) | |
| | ) | Case No. 18-cv-48 |
| Defendants. | ) ) | |
| _____ | ) ) | Hon. Ronald A. Guzman |
| IdeaVillage Products Corp., a foreign corporation, | ) ) ) | |
| Defendant / Cross-Plaintiff, | ) | |
| v. | ) ) | |
| King Sound Enterprise Co., Limited, a foreign corporation, | ) ) ) | |
| Defendant / Cross-Defendant. | ) ) | |

**IDEAVILLAGE'S CROSSCLAIM FOR CONTRIBUTION
AGAINST KING SOUND ENTERPRISE CO., LIMITED**

NOW COMES the Defendant/Cross-Plaintiff, IdeaVillage Products Corp. (hereinafter "IdeaVillage"), by and through its attorneys, Law Offices of Joseph A. Marciniak, and for its Crossclaim for Contribution against the Defendant/Cross-Defendant, King Sound Enterprise Co., Limited (hereinafter "King Sound"), states as follows:

**Statement of Jurisdiction**

This matter, originally filed in the Circuit Court of Cook County, Illinois (17 L 11292), was removed to the United States District Court for the Northern District of Illinois, Eastern

Division, pursuant to 28 U.S.C. §1441 based upon diversity jurisdiction. (ECF 6, pp. 1-2). Diversity of citizenship is not affected by newly joined Defendant, King Sound Enterprise Co., Limited, a foreign corporation which, upon information and belief, has its principal place of business at No. 93 Wu Song South Road, Lu Zhi Town, Wuzhong District, Sushou City, Jiangsu Province, China, maintains an office at Room 42, Block D, Phase II, Wah Lok Industrial Centre, 37-41 Shan Mei Street, Fotan, N.T. Hong Kong, China, and has as its registered office address at Investment and Entrepreneurship Center, Yinzhou District, Ningbo, Zhejiang, China.

## Count I

### (Strict Product Liability – King Sound Enterprise Co., Limited)

1. That the Plaintiff, Annette Duffy, as the Independent Administrator of the Estate of Ruth E. Schuda, Deceased, has filed a lawsuit against this Defendant/Cross-Plaintiff and others for injuries and the resulting death that Ruth E. Schuda, Deceased, allegedly sustained on or about December 17, 2016 while she was at her residence located at 1439 Adams Street, Ottawa, Illinois. (A copy of Plaintiff's Second Complaint at Law (hereinafter "Complaint") is attached hereto and made a part hereof as Exhibit A.)

2. That the Defendant/Cross-Plaintiff, IdeaVillage, has filed an Answer denying all of the substantive allegations of said Complaint. (A copy of said Answer is attached hereto and made a part hereof as Exhibit B.)

3. In Plaintiff Annette Duffy's Complaint, it is alleged that a certain "Handy Switch Wireless Remote Switch" was in an unreasonably dangerous condition at the time it left IdeaVillage's and others' control, and was involved in the subject occurrence having been purchased by Decedent, Ruth E. Schuda.

4. Pleading in the alternative, in the event that the subject Handy Switch is proven by Plaintiff to have been involved in the alleged occurrence of December 17, 2016, then this Defendant avers that the subject Handy Switch was designed, manufactured, and sold by Defendant, King Sound, with its principal office last known to be located at No. 93 Wu Song South Road, Lu Zhi Town, Wuzhong District, Sushou City, Jiangsu Province, China, maintains an office at Room 42, Block D, Phase II, Wah Lok Industrial Centre, 37-41 Shan Mei Street, Fotan, N.T. Hong Kong, China, and has its registered office address at Investment and Entrepreneurship Center, Yinzhou District, Ningbo, Zhejiang, China.

5. On and prior to December 17, 2016, King Sound was engaged in the business of designing wireless remote switches.

6. On and prior to December 17, 2016, King Sound was engaged in the business of manufacturing wireless remote switches.

7. On and prior to December 17, 2016, King Sound designed wireless remote switches, including the model known as the Handy Switch Wireless Remote Switch.

8. On and prior to December 17, 2016, King Sound manufactured wireless remote switches, including the model known as the Handy Switch Wireless Remote Switch.

9. On and prior to December 17, 2016, King Sound distributed and sold wireless remote switches, including the model known as the Handy Switch Wireless Remote Switch.

10. Prior to December 17, 2016, King Sound was in the business of designing, manufacturing, and selling a wireless remote switch known as the Handy Switch Wireless Remote Switch.

11. Prior to December 17, 2016, King Sound placed a certain "Handy Switch Wireless Remote Switch" into the stream of commerce.

12. On December 17, 2016, a fire occurred at 1439 Adams Street, Ottawa, Illinois, sometime after the aforesaid Handy Switch was installed in a wall outlet.

13. On December 17, 2016, and pleading in the alternative, at the time it left the control of King Sound the Handy Switch Wireless Remote Switch was in an unreasonably dangerous condition in one or more of the following ways:

   a. it was designed, manufactured, distributed and sold without a protective cap to be placed over the receiver to securely contain any possible fire due to overheating;

   b. the receiver of said switch (the component that fits into the wall outlet with a built-in night light) which was designed, manufactured and sold, was prone to overheat, causing fires;

   c. it was designed, manufactured and sold without a safety device to preclude overheating and resultant fires;

   d. it was designed, manufactured and sold in a manner that would not provide safety or prevent risks in reasonably foreseeable uses; and

   e. it was designed, manufactured and sold without incorporating a reasonable alternative design which would have substantially reduced the risk of potential overheating and fires.

14. As a proximate result of one or more of these unreasonably dangerous conditions, Ruth E. Schuda suffered injuries that resulted in her death on December 17, 2016.

15. That if the Defendant/Cross-Plaintiff, IdeaVillage, should be held liable to the Plaintiff, Annette Duffy, as the Independent Administrator of the Estate of Ruth E. Schuda, Deceased, then this Defendant/Cross-Plaintiff is entitled to contribution from the Defendant/Cross-Defendant, King Sound, in such an amount as is necessary to adjust the liabilities of the parties according to their relative degree of culpability pursuant to the Illinois Joint Tortfeasors Contribution Act, 740 ILCS 100/1 et. seq.

WHEREFORE, the Defendant/Cross-Plaintiff, IDEAVILLAGE PRODUCTS CORP., prays that in the event judgment is entered against it and in favor of the Plaintiff, Annette Duffy, as the Independent Administrator of the Estate of Ruth E. Schuda, Deceased, then Defendant/ Cross -Plaintiff, IdeaVillage demands judgment for contribution in its favor and against the Defendant/ Cross -Defendant, King Sound Enterprise, Co., Limited, in an amount commensurate with the relative degree of fault attributable to the Defendant/ Cross -Defendant, King Sound Enterprise, Co., Limited.

## Count II

### (Negligence – King Sound Enterprise Co., Limited)

16. That the Plaintiff, Annette Duffy, as the Independent Administrator of the Estate of Ruth E. Schuda, Deceased, has filed a lawsuit against this Defendant/Cross-Plaintiff and others for injuries and the resulting death that Ruth E. Schuda, Deceased, allegedly sustained on or about December 17, 2016 while she was at her residence located at 1439 Adams Street, Ottawa, Illinois. (A copy of Plaintiff's Second Complaint at Law (hereinafter "Complaint") is attached hereto and made a part hereof as Exhibit A.)

17. That the Defendant/Cross-Plaintiff, IdeaVillage, has filed an Answer denying all of the substantive allegations of said Complaint. (A copy of said Answer is attached hereto and made a part hereof as Exhibit B.)

18. In Plaintiff Annette Duffy's Complaint, it is alleged that a certain "Handy Switch Wireless Remote Switch" was in an unreasonably dangerous condition at the time it left IdeaVillage's and others' control, and was involved in the subject occurrence having been purchased by Decedent, Ruth E. Schuda.

19. Pleading in the alternative, in the event that the subject Handy Switch is proven by Plaintiff to have been involved in the alleged occurrence of December 17, 2016, then this Defendant avers that the subject Handy Switch was designed, manufactured, and sold by Defendant, King Sound, with its principal office last known to be located at No. 93 Wu Song South Road, Lu Zhi Town, Wuzhong District, Sushou City, Jiangsu Province, China, maintains an office at Room 42, Block D, Phase II, Wah Lok Industrial Centre, 37-41 Shan Mei Street, Fotan, N.T. Hong Kong, China, and has its registered office address at Investment and Entrepreneurship Center, Yinzhou District, Ningbo, Zhejiang, China.

20. On and prior to December 17, 2016, King Sound, was engaged in the business of designing wireless remote switches.

21. On and prior to December 17, 2016, King Sound was engaged in the business of manufacturing wireless remote switches.

22. On and prior to December 17, 2016, King Sound designed wireless remote switches, including the model known as the Handy Switch Wireless Remote Switch.

23. On and prior to December 17, 2016, King Sound manufactured wireless remote switches, including the model known as the Handy Switch Wireless Remote Switch.

24. On and prior to December 17, 2016, King Sound distributed and sold wireless remote switches, including the model known as the Handy Switch Wireless Remote Switch.

25. Prior to December 17, 2016, King Sound was in the business of designing, manufacturing, and selling a wireless remote switch known as the Handy Switch Wireless Remote Switch.

26. Prior to December 17, 2016, King Sound placed a certain "Handy Switch Wireless Remote Switch" into the stream of commerce.

27. On December 17, 2016, a fire occurred at 1439 Adams Street, Ottawa, Illinois, sometime after the aforesaid Handy Switch was installed in a wall outlet.

28. On December 17, 2016, and pleading in the alternative, at the time the Handy Switch Wireless Remote Switch left the control of King Sound, it was negligent in one or more of the following ways:

    a. it was designed, manufactured, distributed and sold without a protective cap to be placed over the receiver to securely contain any possible fire due to overheating;

    b. the receiver of said switch (the component that fits into the wall outlet with a built-in night light) which was designed, manufactured and sold, was prone to overheat, causing fires;

    c. it was designed, manufactured and sold without a safety device to preclude overheating and resultant fires;

    d. it was designed, manufactured and sold in a manner that would not provide safety or prevent risks in reasonably foreseeable uses; and

    e. it was designed, manufactured and sold without incorporating a reasonable alternative design which would have substantially reduced the risk of potential overheating and fires.

29. As a proximate result of one or more of these unreasonably dangerous conditions, Ruth E. Schuda suffered injuries that resulted in her death on December 17, 2016.

30. That if the Defendant/Cross-Plaintiff, IdeaVillage, should be held liable to the Plaintiff, Annette Duffy, as the Independent Administrator of the Estate of Ruth E. Schuda, Deceased, then this Defendant/Cross-Plaintiff is entitled to contribution from the Defendant/Cross-Defendant, King Sound, in such an amount as is necessary to adjust the

liabilities of the parties according to their relative degree of culpability pursuant to the Illinois Joint Tortfeasors Contribution Act, 740 ILCS 100/1 et. seq.

      WHEREFORE, the Defendant/Cross-Plaintiff, IDEAVILLAGE PRODUCTS CORP., prays that in the event judgment is entered against it and in favor of the Plaintiff, Annette Duffy, as the Independent Administrator of the Estate of Ruth E. Schuda, Deceased, then Defendant/Cross-Plaintiff, IdeaVillage demands judgment for contribution in its favor and against the Defendant/Cross-Defendant, King Sound Enterprise, Co., Limited, in an amount commensurate with the relative degree of fault attributable to the Defendant/Cross-Defendant, King Sound Enterprise, Co., Limited.

      WHEREFORE, the Defendant/Cross-Plaintiff, IdeaVilage Products Corp., demands judgment in its favor and against Defendant/Cross-Defendant, King Sound Enterprise, Co., Limited, on the subject Crossclaim for Contribution, and for its costs in bringing this action, and for any further relief deemed appropriate.

Respectfully Submitted,

Law Offices of Joseph A. Marciniak

By:   /s/David. R. Ganfield
      David R. Ganfield, Attorney for
      Defendant/Cross-Plaintiff,
      IdeaVillage Products Corp.

Dated: August 27, 2018

David R. Ganfield, ARDC No. 6187588
Law Offices of Joseph A. Marciniak
*Attorneys for Defendant/Cross-Plaintiff,
Ideavillage Products Corp.*
200 W. Madison Street, Suite 501
Chicago, IL 60606
(312) 782-7191
David.Ganfield@thehartford.com