Firm No. 41127

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| ANNETTE DUFFY, Independent Administrator of the Estate of RUTH E. SCHUDA, | |
| Plaintiff, | |
| v. | No. 18 cv 0048 |
| IDEAVILLAGE PRODUCTS CORPORATION, a foreign corporation; and BLACKSTONE INTERNATIONAL, LTD., a foreign corporation, | Hon. Ronald A Guzman |
| Defendants. | |

**BLACKSTONE INTERNATIONAL, LTD'S THIRD PARTY COMPLAINT FOR
CONTRIBUTION IMPLEADING RAYMOND SCHUDA AND PFB CENTER, LLC**

**NOW COMES** Defendant/Third Party Plaintiff, **BLACKSTONE INTERNATIONAL,**

**LTD**. (**Hereinafter referred to as** "**BSI**") by and through its attorneys, MAISEL &

ASSOCIATES, and for its Third Party Complaint for Contribution does hereby state as follows:

**COMMON ALLEGATIONS**

1. Plaintiff filed a Second Amended Complaint at Law arising from a December 17, 2016

   occurrence in which Plaintiff claims a product, known as Handy Switch, caused the

   death of Plaintiff's decedent, **RUTH SCHUDA**. A copy of the Second Amended

   Complaint is attached as Ex. "A".

2. **BSI** filed an Answer to Plaintiff's underlying Amended Complaint in which it denied the

   substantive allegations of wrongdoing. **BSI** incorporates those denials herein as Ex.

   "B".

3. Pleading in the alternative, the Third Party Defendants, **RAY SCHUDA** and **PFB**

   **CENTER** are guilty of contributing to cause the death of Plaintiff's decedent, and

1

therefore owe to **BSI** the right of contribution against them in such amounts as commensurate with the third party defendants' *pro-rata* share of fault in casing the decedent's injuries and death. Illinois Contribution Among Joint Tortfeasors Act, 740 ILCS 100/1 *et. seq.*

## COUNT I (Raymond Schuda)

4. That as of the date of the occurrence there existed in Illinois an Act requiring working smoke detectors in every single family residence and/ or dwelling unit 425 ILCS 601 *et. seq.*

5. That on or prior to the date of the occurrence **RAY SCHUDA** owed a duty of reasonable care to Plaintiff's decedent relative to the operation of smoke detectors within the residential/dwelling unit occupied, maintained and controlled by **RAY SCHUDA**.

6. Notwithstanding said duty, **RAY SCHUDA** was then and there guilty of the following negligent acts and/or omissions which contributed to cause the death of Plaintiff's decedent:

   a. Removed smoke detectors/alarms from the residence shared with Plaintiff's decedent although he knew or should have known that the removal of smoke detector/alarms could result in the delay of evacuation by any resident or occupier of the premises in the event of fire;

   b. Removed smoke detectors/alarms from the residence shared with Plaintiff's decedent although he knew or should have known that the removal of smoke alarms was in violation of Illinois Statute and would result in the delay of evacuation by any resident or occupier of the premises in the event of fire;

     c. Failed to notify the landlord, or other residents, including Plaintiff's decedent, that he had removed such smoke alarms.

     d. Failed to replace batteries within the smoke detectors although he knew or should have known that the failure to replace smoke detector batteries was in violation of Illinois Statute and would result in the delay of evacuation by any resident or occupier of the premises in the event of fire;

     e. Purposely unwired the unit's smoke detector/alarms even though he knew or should have that non-functioning smoke detector/alarms would result in the delay of evacuation by any resident or occupier of the premises in the event of fire.

7. That as a proximate result of one or more of the foregoing negligent acts and/or omissions by **RAYMOND SCHUDA** caused a delay in Plaintiff's decedent's response to fire and thereby proximately caused or contributed to cause the decedent's death as alleged in the underlying lawsuit.

8. That due to **RAY SCHUDA**'s contributory negligence he would be liable directly to Plaintiff and Plaintiff's decedent; that if judgment entered against it, **BSI** is entitled to the right of contribution against **RAY SCHUDA** in such an amount as commensurate with his pro-rata share of fault in causing the Plaintiff's death.

     **WHEREFORE**, the Defendant/Third party Plaintiff, **BLACKSTONE INTERNATIONAL, LTD**. respectfully requests that judgment be entered in its favor and against Plaintiff. But, that if judgment is entered against it, that in turn **BSI** be entitled to contribution from the Third Party Defendant, **RAY SCHUDA**, in such an amount as is commensurate with its *pro-rata* share of responsibility in causing the decedent's injuries and death.

## COUNT II - (PFB Center)

9.  That at the time and place alleged in Plaintiff's Amended Complaint there then and there existed an Illinois Statue Commonly referred to as the Carbon Monoxide Alarm Detector Act 430 ILCS 135/1 *et. seq*. which requires that working carbon monoxide alarms/detectors be supplied and installed by the owner of any dwelling unit structure.

10. That at the time and place alleged **PFB CENTER** was the owner/landlord of the unit in which Plaintiff's decedent resided.

11. That at the time and place alleged **PFB CENTER** did not supply, equip, or install any carbon monoxide detectors within the decedent's dwelling unit.

12. That at the time and place alleged third party defendant PFB Center owed a duty to the plaintiff's decedent to supply, equip, and install carbon monoxide detectors within decedent's dwelling.

13. Notwithstanding said duty, **PFB CENTER** was then and there guilty of the following negligent acts/ omissions:

    a.  Failed to supply, equip and install carbon monoxide detectors as required by Illinois statute;

    b.  Failed to inspect and maintain the dwelling unit for the existence of carbon monoxide detectors;

    c.  Failed to provide the decedent, or other residents of the unit, with information regarding alarm testing and maintenance.

14. That as a proximate result of one or more of the foregoing acts/omissions by **PFB CENTER**, the Plaintiff's decedent was not alerted to carbon monoxide generated by the

fire and therefore her evacuation from the dwelling unit was delayed and resulted in her death by carbon monoxide poisoning.

15. That due to **PFB CENTER**'s contributory negligence it would be liable directly to Plaintiff and Plaintiff's decedent; and that if judgment is entered against it, **BSI** is entitled to the right of contribution against **PFB CENTER** in such an amount as commensurate with its pro-rata share of fault in causing the plaintiff's death.

**WHEREFORE**, the Defendant/Third Party Plaintiff, **BLACKSTONE INTERNATIONAL LTD**. respectfully requests that judgment be entered in its favor and against Plaintiff. But, if judgment is entered against it, that in turn **BSI** be entitled to contribution from the Third Party Defendant **PFB CENTER**, in such an amount as is commensurate with its *pro-rata* share of responsibility in causing the decedent's injuries and death.

Respectfully submitted,
MAISEL & ASSOCIATES

By:   /s/ Eric A. Krumdick
       Eric A. Krumdick
       Attorney for
       Blackstone International, Inc.

ERIC A. KRUMDICK
MAISEL & ASSOCIATES
Attorneys for Defendant, Blackstone International LLC
**MAILING ADDRESS:**
PO Box 64093, St. Paul, MN 55164-0093
**STREET ADDRESS:**
161 N. Clark Street, Suite 800, Chicago, IL 60601
(P) 312.458.6534
E-Mail: ekrumdic@travelers.com
General E-Mail: RPMLaw1@travelers.com

5